IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ALETHEA JOHNSON-VEAZEY, )
)
       Plaintiff, )
)
vs. ) Case No. 12-1377-KHV-JPO
)
T-MOBILE USA, INC. )
)
       Defendant. )
)

## STIPULATED PROTECTIVE ORDER

The parties seek the entry of a protective order to ensure and maintain the confidentiality of certain personnel information and records regarding plaintiff and persons who are not parties to this action, including but not limited to personnel files, compensation information, disciplinary records, evaluation records, contracts, information relating to contracts to which T-Mobile is a party, or in any way relating to such contracts, and similar confidential financial or proprietary records or information, produced by T-Mobile as disclosures or in response to pretrial discovery requests, and information and records utilized by the parties in these proceedings, and for good cause shown, it is hereby ORDERED:

    1. This Protective Order shall govern the following documents or other discovery materials produced by the parties that are otherwise maintained as confidential and that are marked or designated as "Confidential" by counsel: Information or records from the personnel file of any current or former employee of T-Mobile, or from any other file that names or otherwise identifies any applicant or current or former employee of T-Mobile, or any contract to which T-Mobile is a party, or in any way relating to any such contract, and the parties'

confidential financial or proprietary records or information, as well as all protected health information produced by or regarding plaintiff.

2. It is understood by the parties that all such Confidential documents, and the information contained in such documents are confidential.

3. The inadvertent failure to designate a document, as previously defined in Paragraph 1, as "Confidential" does not constitute a waiver of such claim, and a party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order.

4. All such Confidential documents, and the information contained in such documents shall be treated as confidential and all persons covered by this Agreement, and shall be used solely for the prosecution of this action. No such document, and no information contained in any such document shall be disclosed by the party in receipt of that information or anyone on that party's behalf, in any manner whatsoever, except as provided herein.

5. Confidential Information may not be used or disclosed by the parties except as provided in this Protective Order and may only be copied, disclosed, disseminated, discussed, or inspected, in whole or in part, by the parties for purposes of this lawsuit and only to the following persons:

    (a) the parties in this lawsuit;

    (b) counsel representing any party in this lawsuit and counsel's employees;

    (c) the author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed;

    (d) deponents incident to their depositions in this lawsuit;

    (e) witnesses in any hearing, trial, or other court proceeding in this lawsuit;

    (f) experts and consultants, and their staff, retained by a party, or a party's counsel, to assist in the preparation and trial of this lawsuit;

(g) the Court and any persons employed by the Court working on this lawsuit;

(h) court reporters, including stenographers and video technicians; and

(i) any other person who the parties stipulate in writing may have access to Confidential Information.

6. Disclosure shall not be made of any such Confidential documents to any individual (except for counsel and support staff) unless and until the disclosing party or his or her counsel shall have first presented to such individual a copy of this Protective Order.

7. A party may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to opposing counsel.

8. If a party considers a document designated as Confidential not to be Confidential and desires the removal of such designation, counsel for the parties shall discuss the matter to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

9. It is understood that no copies shall be made of Confidential documents produced unless necessary in connection with this litigation. It is further understood that upon completion of the litigation only one copy of any Confidential documents may be retained by opposing counsel and that the provisions of this Agreement shall remain in effect after the termination of this matter unless otherwise agreed by the parties in writing or pursuant to Court Order.

10. The termination of proceedings in this action shall not relieve any party to whom confidential material has been disclosed from the obligations of this Protection Order, unless required by law or Court Order.

11. Entering into, agreeing to and/or producing or receiving documents designated "Confidential" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular document contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular document or information deemed by any party to be "Confidential";

    (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    (d) prejudice in any way the rights of a party to seek a determination by the Court whether any document should be subject to the terms of this Protective Order;

    (e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

    (f) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document.

12. If a party inadvertently produces privileged or trial preparation materials, such party will notify the requesting party of such disclosure. After the requesting party is notified, the requesting party shall return all information and copies and may not use or disclose this information until the claim of privilege or protection is resolved. The parties also agree to a "claw back" agreement whereby if materials are disclosed without intent to waive privilege or trial preparation protection such privilege or protection is not waived and such materials are to be returned to the responding party so long as the responding party identifies the materials mistakenly produced.

13. If a party receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, then that party shall, under authority of this Protective Order, decline to produce the Confidential Information, and shall within 7 days of receiving the subpoena or other document request give written notice to the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

14. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

Date:   March 18, 2013                             s/ James P. O'Hara
                                                    James P. O'Hara
                                                    United States Magistrate Judge

Respectfully submitted,

| | |
|---|---|
| DEPEW GILLEN RATHBUN & MCINTEER LC | LATHROP & GAGE LLP |
| *s/Randall K. Rathbun* | */s/ David C. Vogel* |
| Randall K. Rathbun KS #09765<br>8301 E. 21st Street N., Suite 450<br>Wichita, KS 67206-2936<br>Telephone: (316) 262-4000<br>Fax: (316) 265-3819<br>Email: randy@depewgillen.com | David C. Vogel  KS #18129<br>2345 Grand Boulevard, Suite 2200<br>Kansas City, Missouri 64108-2684<br>Telephone: (816) 292-2000<br>Telecopier: (816) 292-2001<br>dvogel@lathropgage.com |
| Attorneys for Plaintiffs | Attorneys for Defendant |